ADAM GORDON
United States Attorney
GLEN F. DORGAN
California State Bar No. 160502
MATTHEW RILEY
California State Bar No. 257643
Assistant U.S. Attorneys
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Telephone: (619) 546-7665/9675
Facsimile: (619) 546-7751
Email: glen.dorgan@usdoj.gov
Email: matthew.riley2@usdoj.gov

Specially Appearing for Defendants

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA AUGUSTA HETZEL SILVA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> KRISTI NOEM, SECRETARY, U.S. DEPT. OF HOMELAND SECURITY, et al., <br><br> Defendants. | Case No. 25-cv-03515-AGS-BLM <br><br> **RESPONSE TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRANING ORDER AND/OR PRELIMINARY INJUNCTION** |

## I.  INTRODUCTION

The undersigned counsel specially appear for Defendants in this case in order to comply with the Court's December 11, 2025 order, as modified, requiring that Defendants respond to Plaintiffs' motion for temporary restraining order. ECF Nos. 4, 5. For the reasons set forth below, the Court should deny Plaintiffs' motion because the Court lacks personal jurisdiction over Defendants.[1]

## II.  ARGUMENT

As a threshold matter, the Court lacks jurisdiction to issue a temporary restraining order at this time because Plaintiffs have failed to serve the Summons and Complaint on Defendants. "A federal court may issue an injunction *if it has personal jurisdiction over the parties* and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added). "A district court has no authority to grant relief in the form of a temporary restraining order or permanent injunction where it has no jurisdiction over the parties." *Fuller v. Kamara*, No. 24-CV-1935 TWR (VET), 2025 WL 419131, at *11 (S.D. Cal. Feb. 6, 2025) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) ("Personal jurisdiction . . . is an essential element of the jurisdiction of a district . . . court, without which the court is powerless to proceed to an adjudication.") (simplified)).

Here, on December 10, 2025, Plaintiffs filed their Complaint for relief under the Administrative Procedure Act requesting that the Court enjoin Defendants from arresting, detaining, removing, or otherwise taking into custody Plaintiffs—each of whom have pending Form I-485 applications—at their upcoming U.S. Citizenship and Immigration Services (USCIS) interviews scheduled to adjust their status to that of lawful permanent residents.[2] *See generally* ECF No. 1. Plaintiffs also filed a motion for

---

[1] The filing of this response is not intended to waive service or any arguments, jurisdictional or otherwise.

[2] Plaintiff Augusta Hertzel Silva's interview with USCIS is scheduled for December 16, 2025, and Plaintiffs Cadilho da Silva Junior's and Granados Ramirez's interviews with

temporary restraining order. ECF No. 3. The Clerk of Court issued a Summons on December 11, 2025. ECF No. 2. The docket does not reflect that Plaintiffs have properly served the Summons and Complaint on Defendants as required by Federal Rule of Civil Procedure 4. The undersigned counsel is not aware of any efforts by Plaintiffs or their counsel to serve Defendants, and the U.S. Attorney's Office for the Southern District of California is not authorized to waive service on behalf of Defendants. Without proper service on Defendants, the Court lacks personal jurisdiction over Defendants and, consequently, the Court cannot issue a temporary restraining order. *See, e.g.*, *Zepeda*, 753 F.2d at 727; *Ethridge v. Perales*, No. , 2023 WL 3295591, at * *Matthews v. San Diego Cnty. Bd. of Supervisors*, No. 18-cv-711-GPC-NLS, 2018 WL 11434527, at *2 (S.D. Cal. Apr. 17, 2018) ("[T]he Court cannot yet reach the merits of any motion for a Temporary Restraining Order as . . . Defendants have not yet been served in this case."); *Smith v. Oreol*, No. EDCV 17-1135-JFW (KK), 2017 WL 11296962, at *2 (C.D. Cal. June 23, 2017) (denying motion for preliminary injunction as premature because the court lacked jurisdiction over defendants who had not been served with a summons and complaint); *Taimani v. Residential Mortg. Loan Tr. 2013-TT2*, No. 16-CV-02992-YGR, 2016 WL 9175877, at *2 (N.D. Cal. June 7, 2016) (denying motion for temporary restraining order where "Defendants have not yet appeared in the case and there is no indication that they have been served with the complaint or the motion for a temporary restraining order.").[3]

### III. CONCLUSION

This Court lacks personal jurisdiction over Defendants because Plaintiffs have not served the Summons and Complaint. The Court therefore has no authority to grant

---

USCIS are scheduled for January 6, 2026. *See* ECF No. 1 at ¶¶ 34, 37, 40.

[3] The undersigned counsel is aware that this Court has previously indicated a district court can issue a temporary restraining order under Rule 65(b)(1) in the absence of personal jurisdiction over a defendant. *See Camargo Alejo v. Vista Det. Facility*, No. 3:25-CV-0258-AGS-JLB, 2025 WL 2084925, at *2 (S.D. Cal. July 24, 2025). Defendants respectfully submit that the existence of personal jurisdiction over a defendant is a prerequisite to issuing a temporary restraining order binding that defendant based on the authorities stated above.

a temporary restraining order that binds Defendants, and the Court should therefore deny Plaintiffs' motion for temporary restraining order.

Dated: December 15, 2025

Respectfully submitted,

ADAM GORDON
United States Attorney

*s/ Matthew Riley*
MATTHEW RILEY
GLEN F. DORGAN
Assistant United States Attorney

Specially Appearing for Defendants