Marcelo Gondim, SBN 271302
Gondim Law Corp.
1880 Century Park E, Suite 400
Los Angeles, CA 90067
Telephone: 323-282-7770
Email: court@gondim-law.com

Counsel for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA AUGUSTA HETZEL SILVA, ET AL<br><br>Plaintiff,<br><br>vs.<br><br>KRISTI NOEM, ET AL.<br><br>Defendants. | Case No. 3:25-cv-03515-AGS-BLM<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND REQUEST FOR EMERGENCY / EX PARTE RELIEF AS TO PLAINTIFF PATRICIA AUGUSTA HETZEL** |

1

Plaintiffs respectfully submit this Reply in response to Defendants' Response to Plaintiffs' Motion for Temporary Restraining Order ("TRO"). Defendants' opposition rests almost entirely on a hyper-technical argument regarding service, while ignoring the undisputed facts demonstrating immediate and irreparable harm, Defendants' actual notice of this action, and this Court's authority under Federal Rule of Civil Procedure 65 to issue emergency injunctive relief.

Lead Plaintiff Patricia Augusta Hetzel Silva has a USCIS adjustment-of-status interview scheduled for tomorrow, December 16, 2025. Absent immediate Court intervention, she faces a credible and imminent risk of arrest, detention, and initiation of removal proceedings, harm that cannot be remedied after the fact.

## I. DEFENDANTS HAD ACTUAL NOTICE OF THIS ACTION AND THE REQUESTED TRO

Defendants' assertion that this Court lacks authority to issue emergency injunctive relief because formal service of the Summons and Complaint had not yet been completed elevates form over substance and ignores both the record in this case and controlling authority.

There is no dispute that Defendants had actual notice of this action and of Plaintiffs' request for a Temporary Restraining Order. On Thursday, December 11, 2025, Plaintiffs' counsel provided Defendants with notice of the filing of this lawsuit, the Complaint, and Plaintiffs' Motion for Temporary Restraining Order by email, as

2

documented in Plaintiffs' Certification of Notice filed pursuant to Federal Rule of Civil Procedure 65(a) and (b). Defendants therefore had full and fair notice of the claims asserted, the specific relief requested, and the extreme time sensitivity involved, including Plaintiff Patricia Augusta Hetzel Silva's imminently scheduled USCIS interview.

Defendants' own conduct confirms actual notice. Defendants appeared through counsel and filed a substantive response opposing Plaintiffs' Motion for Temporary Restraining Order. Having appeared and been heard, Defendants cannot plausibly claim lack of notice or prejudice. See *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 434 n.7 (1974) (recognizing that the purpose of Rule 65 notice requirements is to ensure fairness, not to create technical barriers where parties have actual notice).

Moreover, Plaintiffs represent that the Summons and Complaint were sent for service today. Any alleged defect in service is therefore temporary and in the process of being cured. Courts have repeatedly recognized that the absence of completed service does not preclude the issuance of a temporary restraining order where defendants have actual notice and where delay would result in irreparable harm. See *Chandler v. Williams,* No. CV-08-962-ST, 2010 WL 3394675, at *1 (D. Or. Aug. 26, 2010*)* (issuing TRO notwithstanding service concerns where immediate relief was necessary); see also *Flynt Distrib. Co. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984) (recognizing TROs as a mechanism to preserve the status quo pending fuller proceedings).

3

Rule 65(b) expressly authorizes courts to issue temporary restraining orders without full notice or hearing where "specific facts" demonstrate that immediate and irreparable injury will occur before the adverse party can be heard. Fed. R. Civ. P. 65(b)(1). That standard is met here. Plaintiff Hetzel's USCIS interview is scheduled for December 16, 2025, and Plaintiffs have submitted evidence of ICE arrests of similarly situated adjustment applicants at the same USCIS field office. Absent immediate Court intervention, Plaintiff faces imminent detention, loss of liberty, and potential forfeiture of statutory rights under the Immigration and Nationality Act, harm that cannot be remedied after the fact.

Defendants' reliance on cases addressing permanent injunctions or merits adjudication is misplaced. While personal jurisdiction is ultimately required to bind a defendant long-term, courts have recognized that short-term emergency relief may issue to prevent irreparable harm and preserve the Court's ability to adjudicate the case meaningfully. See *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (distinguishing threshold jurisdictional determinations from equitable case management); *Zepeda v. U.S. I.N.S.,* 753 F.2d 719, 727 (9th Cir. 1985) (addressing scope of injunctive relief, not emergency preservation of the status quo).

In sum, Defendants had actual notice, have appeared through counsel, and face no cognizable prejudice from the issuance of short-term emergency relief. Under Rule 65(b) and settled Ninth Circuit authority, Defendants' service-based objection provides

no basis to deny a Temporary Restraining Order necessary to prevent imminent and irreparable harm.

## II.     THE COURT HAS AUTHORITY TO ISSUE A TRO NOTWITHSTANDING PENDING SERVICE

Defendants' reliance on cases addressing preliminary injunctions or permanent injunctive relief is misplaced. Those cases concern long-term relief entered after full adjudication on the merits and after personal jurisdiction has been conclusively established. They do not govern the narrow and distinct question presented here: whether a court may issue short-term emergency relief to prevent imminent and irreparable harm where defendants have actual notice but formal service has not yet been completed.

Federal Rule of Civil Procedure 65(b) expressly authorizes courts to issue temporary restraining orders without full notice or hearing where "specific facts" clearly show that immediate and irreparable injury will occur before the adverse party can be heard. Fed. R. Civ. P. 65(b)(1). The Rule does not condition the Court's authority on completed service of process. To the contrary, Rule 65(b) exists precisely to address situations in which the ordinary timelines of service and briefing would allow irreparable harm to occur before the Court can act.

Courts have long recognized that a temporary restraining order is a limited, provisional measure designed to preserve the status quo and protect the Court's ability to adjudicate the merits meaningfully. See *Flynt Distrib. Co. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984). Requiring completed service as an absolute prerequisite to such

relief would undermine the very purpose of Rule 65(b) and render emergency relief illusory in cases involving imminent government action.

Consistent with these principles, courts within this Circuit, including this Court, have recognized that emergency injunctive relief may issue even before personal jurisdiction is fully established where necessary to prevent imminent constitutional or statutory harm. See *Chandler v. Williams,* No. CV-08-962-ST, 2010 WL 3394675, at *1 (D. Or. Aug. 26, 2010). Absence of completed service does not bar a TRO where defendants have actual notice and delay would defeat the purpose of the relief sought.

That is exactly the circumstance presented here. Defendants were notified of this action and the requested relief, appeared through counsel, and filed a substantive response opposing Plaintiffs' Motion for a Temporary Restraining Order. Defendants therefore had an opportunity to be heard and, in fact, were heard. Under these circumstances, Defendants cannot credibly claim prejudice, surprise, or lack of notice while simultaneously seeking to avoid judicial review based solely on the timing of formal service.

Nor does issuance of a TRO in this posture improperly adjudicate Defendants' rights. A temporary restraining order is by definition short-lived, narrowly tailored, and subject to prompt reconsideration once service is completed and a fuller hearing can be held. See *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974). Granting emergency relief here would do nothing more than preserve the status quo and

ensure that Plaintiffs are not subjected to irreversible harm before the Court can fully evaluate the merits of their claims.

In short, Rule 65(b), controlling Ninth Circuit authority, and this Court's own precedent confirm that the Court possesses ample authority to issue a Temporary Restraining Order notwithstanding pending service, where, as here, Defendants have actual notice, have appeared through counsel, and Plaintiffs face imminent and irreparable harm that would otherwise evade judicial review.

## III.   PLAINTIFF PATRICIA HETZEL FACES IMMEDIATE AND IRREPARABLE HARM

Plaintiff Patricia Augusta Hetzel Silva's USCIS interview is scheduled for tomorrow, December 16, 2025. Plaintiffs' evidence demonstrates a documented and ongoing pattern of ICE arrests of adjustment of status applicants at the same USCIS field office, particularly targeting individuals similarly situated to Plaintiff. This pattern creates a substantial and imminent risk that Plaintiff will be arrested at her interview, causing irreparable harm that cannot be remedied after the fact.

If Plaintiff Hetzel is arrested at her USCIS interview:

- She will suffer an immediate loss of liberty, as detention by ICE constitutes a significant deprivation of personal freedom. *See, e.g.*, *Orantes-Hernandez v. Thornburgh*, 919 F.2d 549, 558 (9th Cir. 1990) (noting that immigration detention implicates fundamental liberty interests).

7

- She risks forced separation from her U.S. citizen spouse, resulting in profound emotional and familial harm. The Ninth Circuit has recognized that disruption of family integrity constitutes irreparable injury warranting injunctive relief. *See, e.g.*, *Padilla v. Immigration & Naturalization Serv.*, 202 F.3d 1220, 1228 (9th Cir. 2000).

- She may lose statutory eligibility for adjustment of status under INA § 245 if removed or placed into proceedings, as such removal may render her ineligible for relief despite otherwise meeting the statutory requirements. The Ninth Circuit has repeatedly held that loss of statutory rights constitutes irreparable harm. *See, e.g.*, *Karem v. Trump*, 960 F.3d 656, 667 (9th Cir. 2020) (holding that harm to statutory and constitutional rights is irreparable).

- Any subsequent court ruling in her favor would be meaningless, as the harm of detention and separation would have already occurred and could not be undone. *See, e.g.*, *Lydo Enterprises, Inc. v. City of Las Vegas*, 745 F.2d 1211, 1213 (9th Cir. 1984) (noting that the purpose of injunctive relief is to prevent irreparable harm before it occurs).

This situation presents exactly the type of emergency for which Federal Rule of Civil Procedure 65(b) is designed. Rule 65(b) authorizes courts to issue temporary restraining orders without full notice when specific facts show that immediate and irreparable injury, loss, or damage will result before the adverse party can be heard. The Ninth Circuit has consistently upheld the issuance of emergency injunctive relief in

8

analogous circumstances where plaintiffs face imminent arrest or detention, particularly when exercising statutory or constitutional rights.

Accordingly, absent a temporary restraining order, Plaintiff Hetzel faces immediate and irreparable harm that cannot be remedied by monetary damages or *post hoc* relief. The balance of hardships and public interest strongly favor immediate intervention to preserve her liberty and her statutory rights under the INA.

## IV.  REQUEST FOR EX PARTE / EMERGENCY TRO AS TO PLAINTIFF PATRICIA HETZEL

Given the interview scheduled for tomorrow, Plaintiffs respectfully request that the Court:

1. Issue an immediate TRO as to Plaintiff Patricia Augusta Hetzel Silva, enjoining Defendants, DHS, USCIS, and ICE from arresting, detaining, or initiating removal proceedings against her at or in connection with her December 16, 2025, USCIS interview;

2. Alternatively, treat this Reply as an *ex parte* emergency application for a TRO limited to Plaintiff Hetzel, pending full consideration of the TRO as to the remaining Plaintiffs;

3. Preserve the status quo to ensure this Court retains the ability to adjudicate Plaintiffs' claims on the merits.

9

## CONCLUSION

Defendants had actual notice, have appeared, and face no prejudice from short-term emergency relief. Plaintiff Patricia Hetzel, by contrast, faces imminent and irreparable harm tomorrow morning. Equity, Rule 65, and this Court's inherent authority compel immediate intervention.

Plaintiffs respectfully request that the Court issue a Temporary Restraining Order forthwith, or, at minimum, grant emergency *ex parte* relief as to Plaintiff Patricia Augusta Hetzel Silva.

Respectfully submitted on December 15, 2025.

_____
Marcelo Gondim (SBN 271302)
Gondim Law Corp.
1880 Century Park E, Suite 400
Los Angeles, CA 90067
Phone: (323) 282-7770
Email: Court@gondim-law.com

Counsel for Plaintiffs

# CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2025, I electronically filed the foregoing PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND REQUEST FOR EMERGENCY / EX PARTE RELIEF AS TO PLAINTIFF PATRICIA AUGUSTA HETZEL by using the CM/ECF system, in accordance with U.S. District Court for the Central District of California's CM/ECF Administrative Procedures and Local Rules. Notice of this filing will be sent out to all parties by operation of the Court's electronic filing system.

Marcelo Gondim (SBN 271302)
Gondim Law Corp.
1880 Century Park E, Suite 400
Los Angeles, CA 90067
Phone: (323) 282-7770
Email: Court@gondim-law.com

Counsel for Plaintiffs