UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Patricia Augusta HETZEL SILVA, et al.,<br><br>Plaintiffs<br><br>v.<br><br>Kristi NOEM, et al.,<br><br>Defendants. | Case No.:  25-cv-3515-AGS-BLM<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER (ECF 3)** |

Plaintiffs request a temporary restraining order precluding defendants from "arresting, detaining, or initiating removal proceedings against Plaintiffs at their scheduled I-485 interview[s]." (ECF 3, at 5.) Because Plaintiffs fail to establish that they are likely to suffer imminent harm, their motion is denied.

Rather than contend with the merits of the claim, defendants assert that "the Court lacks jurisdiction to issue a temporary restraining order," because plaintiffs have not properly "[s]erved" defendants. (ECF 6, at 2.) After all, service is typically a precondition to exercising personal jurisdiction. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons"). Some courts hold that, until service is complete, the Court may not order emergency injunctive relief. *See Zepeda v. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). Yet others, relying on Federal Rule of Civil Procedure 65, conclude that "a district court may issue a temporary restraining order without written or oral notice to the adverse party if, among other things, plaintiff 'certifies in writing any efforts made to give notice and the reasons why it should not be required.'" *Camargo Alejo v. Vista Det. Facility*, No. 3:25-cv-0258-AGS-JLB, 2025 WL 2084925, at *2 (S.D. Cal. July 24, 2025) (quoting Fed. R. Civ. P. 65(b)(1)); *see also Security & Exch. Comm'n v. MCC Int'l Corp.*, No. 22-12281,

1  2024 WL 1508281, at *2 (11th Cir. Apr. 8, 2024) (holding that "Federal Rule of Civil
2  Procedure 65(a) does not require service of process" (cleaned up)). The Court need not
3  decide the question today, however, as plaintiffs have not met their burden to justify a
4  temporary restraining order.

5　　　　Turning to the merits, a temporary restraining order, like all injunctive relief, is "an
6  extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is
7  entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).
8  Plaintiffs must clearly demonstrate that: (1) they are "likely to succeed on the merits";
9  (2) they are "likely to suffer irreparable harm in the absence of preliminary relief"; (3) "the
10  balance of equities tips in [their] favor"; and (4) "an injunction is in the public interest."
11  *Id.* at 20; *see also Synopsys, Inc. v. AzurEngine Techs.*, 401 F. Supp. 3d 1068, 1072
12  (S.D. Cal. 2019) ("The standard for obtaining a temporary restraining order is identical to
13  the standard for obtaining a preliminary injunction, with the primary difference being
14  [timing].").

15　　　　Plaintiffs have not shown that they are "*likely* to suffer . . . harm in the absence of
16  preliminary relief." *See Winter*, 555 U.S. at 20 (emphasis added). Plaintiffs assert that
17  "[d]efendants have newly adopted and aggressively implemented an unlawful practice of
18  arresting marriage-based I-485 applicants at their mandatory interviews." (ECF 3-1, at 2,
19  5.) They assert that, "based on prior threats and enforcement policies, they reasonably fear
20  that ICE may attempt to arrest or detain them during or immediately following the USCIS
21  interview," but do not cite to any policies, practices, or communications showing these
22  "prior threats and enforcement policies." (*Id.*) Thus, Plaintiffs have not clearly
23  demonstrated that this is likely to happen to *them*. (*See generally* ECF 3.) And "[i]ssuing a
24  preliminary injunction based only on a possibility of irreparable harm is inconsistent with
25  [the] characterization of injunctive relief as an extraordinary remedy that may only be
26  awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S.
27  at 22. Without more concrete facts about the likelihood of their detention, the court cannot
28  enjoin defendants.

1    The motion for a temporary restraining order is **DENIED**. Accordingly, the

2  December 19, 2025 hearing is vacated.

3  Dated:  December 15, 2025

4  _____

5  Hon. Andrew G. Schopler
   United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

25-cv-3515-AGS-BLM